Johnson, C. J. This court has heretofore passed upon and sustained the demurrer to the second plea; consequently that one is now out of the case, and the first and third only are left for our consideration and determination. It is contended by the plaintiffs in error that the circuit court erred in giving permission to the State to withdraw her replication and interpose her demurrer to the third plea, after the cause was remanded to that court. In order to determine this question correctly, it will be necessary to pass upon and interpret the terms of an agreement of record between the parties, which was entered into when the case was originally before; the circuit court. The agreement is so framed that it would be difficult to state its substance simply so as to admit of a clear and distinct understanding. We therefore think it advisable to transcribe it literally and then to make our comments upon it. It is as follows: “ And now on this day comes the said plaintiff by John J. Clendenin, attorney for the State, and the said defendants by their attorney, Ashley and Watkins, join issue in short upon the record to the demurrer of the said plaintiff to the second plea of the said defendants, and thereupon by consent of parties with the leave of the court here, it is agreed upon the record that the circuit court here shall hear and determine the matters of law arising upon said demurrer, and upon such determination shall render final judgment upon the issues joined in this case, as well of fact as of law, to the end that the questions of law arising on said demurrer shall be adjudicated in the supreme court of the State, and upon such adjudication in the supreme court this cause shall be remanded to the said circuit court for the trial of the issues of fact joined therein, and thereupon the said demurrer and the matters of law arising thereon, comes on to be heard and is argued by counsel, and the matters of law arising on said demurrer being heard and understood the court here is of opinion that the matters and things in said second plea stated in manner and form as therein pleaded, are not sufficient in law to bar or preclude the said plaintiff from having and maintaining her said action thereof against said defendants. It is therefore considered by the court here that said demurrer be sustained, and therefore by consent of parties the court proceeds to inquire into the truth of the breaches assigned, and to assess the damages thereby sustained, and doth find that said breach is true as above assigned and that the said State has sustained damages thereby to the sum of $2395 18 with interest thereon from the 26th day of October 1837 at 25 per cent per annum ’till paid.” Upon this finding the court pronounced a regular judgment. The plaintiff insists that the sole and exclusive object of this agreement was to take the opinion of the circuit court upon the law arising upon the demurrer to the second plea, in order that the same points might be presented to the supreme court for adjudication. The circuit court was expressly authorized by the terms of the contract, in case the demurrer to the second plea should be sustained to proceed to final judgment upon all the issues joined in the case, as well of fact as of law, which necessarily Comprehended the issues made upon the first and third as well as the second plea. The parties agreed in general terms that upon the adjudication in the supreme court, the case should be remanded for a trial upon the issues. Let it be supposed that, instead of reversing,- the supreme' court hdd affirmed the judgment of the circuit court. How could the parties have availed themselves of the benefit of their contract. If the supreme court had been satisfied that the judgment below was right and that it was warranted by the law and the evidence, it most assuredly would not have remanded the cause, as there could have been nothing left for the trial and determination of the court below. It is not in the power of a party to single out a single issue, even by the most solemn contract of record, and submit it to the consideration of the supreme court, so as to elicit the opinion of the supreme court upon the law or the fact of that particular issue. Such a judgment would not be final,as not embracing all the issues in the case, and consequently it could not become the subject of an appeal or writ of error. The real object of the parties was to take the opinion of the supreme court upon the questions of law arising upon the demurrer to the second plea, but in order to receive the benefit of that decision it became absolutely necessary that the circuit court should pass upon all the issues joined. We have not been able to perceive any good reason why the circuit court should not have permitted the State to withdraw her replication to the third plea, if she believed that the plea itself was not an answer to the declaration. When the case came back to the circuit court, it is admitted that issues were made up upon the first and third pleas, yet we can see nothing in the contract which could operate to deprive the State of any defence that she might have had against the matter set up in either of the pleas interposed by the defendants. It is the common practice, where the plaintiff has inadvertently taken issue upon a plea that, if supported by proof, would not be a bar to the action, to permit him to withdraw it and to interpose his demurrer. If the circuit court had refused to permit the State to withdraw her replications! and had given judgment against her upon the issue joined, it could not have conferred any permanent benefit upon them as the court would have been compelled, upon motion, either to have arrested the judgment or granted a new trial. We now come to consider of the last point made in the case, and that relates to the legal sufficiency of the third plea. It has been attempted to take a distinction between an action brought against two or more who are jointly bound from the inception of the contract, and one where the defendants occupy the relation of principal and security. The counsel for the plaintiffs have made a very ingenious and plausible argument in support of the distinction, but. the books are wholly silent upon the subject, and as such is the. case, we are inclined to believe that no such distinction is recognized by the law. The action is founded upon a joint contract, and a cross claim, to be admissible as an offset, must be mutual in its character and such as to fix a liability upon the plaintiff below and in favor of all the defendants. The first plea having been withdrawn by the defendants themselves, it is consequently out of the case. We are therefore of opinion that there is no error in the judgment of the court below. Judgment affirmed.